UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) **No. 00CR0362** |
| v. | ) |
| | ) Violations: Title 18, |
| GERARD WASHINGTON | ) United States Code, |
|   also known as, "Big Folks", | ) Sections 1344 and 2 |
| LAMONT BARKSDALE | ) |
|   also known as, "Doty", | ) |
| WILLIAM RUTLEDGE | ) |
|   also known as, "Bankroll", | ) |
| MARGARET TAYLOR, | ) |
| DAMELL MANGRUM | ) |
|   also known as "Mel" | ) |
|   and "7-4" and | ) |
| ANTHONY WHITE | ) |
|   also known as, "Little Man" | ) |

DOCKETED MAY 12 2000

FILED
MAY 10 2000

JUDGE HOLDERMAN

MAGISTRATE JUDGE IAN H. LEVIN
UNITED STATES DISTRICT COURT

<u>COUNT ONE</u>

MAGISTRATE JUDGE BOBRICK

The SPECIAL SEPTEMBER 1999 GRAND JURY charges:

1. At times material to this indictment, the following were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation:

> St. Paul Federal Bank
> Evergreen Bank
> M Bank
> Lakeside Bank
> South Shore Bank
> Aetna Bank
> Citibank
> Bridgeview Bank
> Great American Federal Savings
> Heritage Pullman Bank
> First Chicago Bank
> Cole Taylor Bank
> Sears Bank and Trust Company
> American National Bank and Trust Company

2. Beginning in or about July 1993, and continuing until in or about July 1997, in the Northern District of Illinois, Eastern Division, and elsewhere,

GERARD WASHINGTON
also known as, "Big Folks",
LAMONT BARKSDALE
also known as, "Doty",
WILLIAM RUTLEDGE
also known as, "Bankroll",
MARGARET TAYLOR,
DAMELL MANGRUM
also known as, "Mel" and "7-4",
ANTHONY WHITE
also known as, "Little Man",

defendants herein, along with other individuals both known and
unknown to the Grand Jury, did knowingly participate in a scheme to
defraud the financial institutions listed in paragraph One of this
indictment (collectively the "Banks"), and to obtain money and
funds owned by and under the custody and control of the Banks by
means of materially false and fraudulent pretenses.

THE SCHEME

3.    It was the scheme that defendants, along with other co-
schemers known and unknown to the Grand Jury, defrauded the Banks,
using blank checks stolen from various individuals and companies.
Defendants and their co-schemers completed the stolen checks,
making them payable to actual customers of the Banks; forged the
signatures of the payors on the checks; forged the endorsements on
the checks in the names of actual customers from the Banks; and
cashed the fraudulent checks at the Banks.  In order to facilitate
the scheme, defendants and their co-schemers created and presented
photo identification which falsely identified them as customers of
the Banks.  They also used a split-deposit technique for some of
the fraudulent checks whereby they deposited a portion of a check
into the account of a payee and took the remaining portion of the

2

check in cash.    Through this scheme defendants and their co-schemers fraudulently obtained a total of approximately $59,268.31.

4.    It was part of the scheme that the defendant WASHINGTON and his co-schemers secured the account names and numbers for valid bank accounts using various means that included obtaining such information from copies of donation checks that they obtained from a telemarketing office that solicited donations on behalf of charitable organizations.

5.    It was further part of the scheme that the defendant WASHINGTON and his co-schemers obtained stolen and outdated blank checks from companies and individuals, and then fraudulently made the checks payable, in varying amounts, to people who had donated money to the charitable organizations ("the payees").

6.    It was further part of the scheme that defendant WASHINGTON kept, maintained and used various instruments and devices used for the creation of fictitious checks, including blank check paper, typewriters and cutting equipment.

7.    It was further part of the scheme that the defendants and their co-schemers forged and caused to be forged the endorsement of the payees on the fraudulent checks that they had created.

8.    It was further part of the scheme that defendants WASHINGTON, BARKSDALE, RUTLEDGE, TAYLOR, MANGRUM, WHITE and their co-schemers, using false identification, traveled to the Banks where the payees held valid accounts and cashed the fraudulent checks.  Defendants fraudulently converted the proceeds of checks to their own use and benefit.

3

9.   It was further part of the scheme that during the course of and in furtherance of the scheme, defendant MANGRUM drove and accompanied the defendants and various other co-schemers to the Banks in order for them to cash the checks.  Defendant MANGRUM was paid for his work by defendant WASHINGTON.

10.   It was further part of the scheme that the defendants and their co-schemers misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden the purposes and acts done in furtherance of the scheme.

11.   On or about March 17, 1994, at Chicago, in the Northern District of Illinois, Eastern Division,

> LAMONT BARKSDALE,
> also known as, "Doty", and
> GERARD WASHINGTON,
> also known as, "Big Folks",

defendants herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by cashing at a branch of St. Paul Federal Savings, a forged and fraudulent check, in the amount of $495.00, drawn on the Evergreen Bank;

In violation of Title 18, United States Code, Sections 1344 and 2.

4

## COUNT TWO

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.  The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2.  On or about April 6, 1994, at Chicago, in the Northern District of Illinois, Eastern Division,

> LAMONT BARKSDALE,
> also known as, "Doty", and
> GERARD WASHINGTON,
> also known as, "Big Folks",

defendants herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by cashing at a branch of St. Paul Federal Savings, a forged and fraudulent check, in the amount of $474.58, drawn on the M Bank;

In violation of Title 18, United States Code, Sections 1344 and 2.

5

## COUNT THREE

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.  The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2.  On or about March 15, 1994, at Chicago, in the Northern District of Illinois, Eastern Division,

WILLIAM RUTLEDGE,<br>
also known as, "Bankroll", and<br>
GERARD WASHINGTON<br>
also known as, "Big Folks",

defendants herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by depositing and causing to be deposited at a branch of St. Paul Federal Savings, a forged and fraudulent check, in the amount of $2,500.00, drawn on the Lakeside Bank;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.  The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2.  On or about May 19, 1994, at Bridgeport, in the Northern District of Illinois, Eastern Division,

> WILLIAM RUTLEDGE,
> also known as, "Bankroll", and
> GERARD WASHINGTON
> also known as, "Big Folks",

defendants herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by attempting to cash at a branch of St. Paul Federal Savings, a forged and fraudulent check, in the amount of $350.00, drawn on the South Shore Bank;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIVE

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2. On or about August 8, 1994, at Chicago, in the Northern District of Illinois, Eastern Division and elsewhere,

> MARGARET TAYLOR, and
> GERARD WASHINGTON,
> also known as, "Big Folks",

defendants herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by attempting to cash at a branch of Citibank, a forged and fraudulent check, in the amount of $750.00, drawn on the Aetna Bank;

In violation of Title 18, United States Code, Sections 1344 and 2.

8

## COUNT SIX

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2.  On or about August 8, 1994, at Bridgeport, in the Northern District of Illinois, Eastern Division,

MARGARET TAYLOR and
GERARD WASHINGTON,
also known as, "Big Folks",

defendants herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by cashing at a branch of Citibank, a forged and fraudulent check, in the amount of $785.00, drawn on the Aetna Bank;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SEVEN

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2.  On or about August 3, 1994, at Bridgeport, in the Northern District of Illinois, Eastern Division,

> ANTHONY WHITE,
> also known as, "Little Man", and
> GERARD WASHINGTON,
> also known as "Big Folks",

defendants herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by cashing at a branch of St. Paul Federal Savings, a forged and fraudulent check, in the amount of $750.00, drawn on the Great American Federal Savings Bank;

In violation of Title 18, United States Code, Sections 1344 and 2.

10

## COUNT EIGHT

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2. On or about August 4, 1994, at Bridgeport, in the Northern District of Illinois, Eastern Division,

> ANTHONY WHITE,
> also known as "Little Man", and
> GERARD WASHINGTON,
> also known as "Big Folks",

defendants herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by depositing at a branch of St. Paul Federal Savings, a forged and fraudulent check, in the amount of $780.00, drawn on the Heritage Pullman Bank;

In violation of Title 18, United States Code, Sections 1344 and 2.

11

## COUNT NINE

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2.    On or about October 11, 1994, at Chicago, in the Northern District of Illinois, Eastern Division and elsewhere,

> GERARD WASHINGTON,
> also known as "Big Folks", and
> DAMELL MANGRUM,
> also known as "Mel" and "7-4",

defendants herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by aiding, counseling, commanding, inducing and procuring another to attempt to cash at a branch of Citibank, a forged and fraudulent check, in the amount of $725 drawn on the Bridgeview Bank.

In violation of Title 18, United States Code, Sections 1344 and 2.

12

## COUNT TEN

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2.   On or about October 11, 1994, at Chicago, in the Northern District of Illinois, Eastern Division and elsewhere,

GERARD WASHINGTON,
also known as, "Big Folks",

defendant herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by aiding, counseling, commanding, inducing and procuring another to attempt to cash at a branch of Citibank, a forged and fraudulent check, in the amount of $690 drawn on the Bridgeview Bank.

In violation of Title 18, United States Code, Sections 1344 and 2.

13

## COUNT ELEVEN

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2.    On or about June 10, 1997, at Broadview, in the Northern District of Illinois, Eastern Division,

GERARD WASHINGTON,
also known as, "Big Folks",

defendant herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by depositing at a branch of Cole Taylor Bank, a forged and fraudulent check, in the amount of $2,796.00, drawn on the First Chicago Bank;

In violation of Title 18, United States Code, Sections 1344.

14

## COUNT TWELVE

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth here.

2.    On or about June 11, 1997, at Broadview, in the Northern District of Illinois, Eastern Division,

GERARD WASHINGTON,
also known as, "Big Folks",

defendant herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by depositing at a branch of Cole Taylor Bank, a forged and fraudulent check, in the amount of $2,796.87, drawn on the Sears Bank and Trust Company;

In violation of Title 18, United States Code, Sections 1344.

## COUNT THIRTEEN

The SPECIAL SEPTEMBER 1999 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of Count One of this indictment as though fully set forth herein.

2. On or about July 7, 1997, at Broadview, in the Northern District of Illinois, Eastern Division,

GERARD WASHINGTON,
also known as, "Big Folks",

defendant herein, did knowingly execute and attempt to execute the aforesaid scheme to defraud financial institutions by attempting to deposit at a branch of Cole Taylor Bank, a forged and fraudulent check, in the amount of $1,950.66, drawn on the American National Bank and Trust Company;

In violation of Title 18, United States Code, Sections 1344.


A TRUE BILL

F O R E P E R S O N

UNITED STATES ATTORNEY


16

AO 245B (3/95) Sheet 1 – Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

NORTHERN —————District of——— ILLINOIS

UNITED STATES OF AMERICA

**V.**

ANTHONY WHITE

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 00 CR 362-6

DOCKETED
NOV 0 2 2000

**THE DEFENDANT:**

DONALD E. JOYCE
Defendant's Attorney

☒ pleaded guilty to count(s) __seven__

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. § 1344 | Bank Fraud | | 7 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) ALL REMAINING COUNTS is(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __−8923__

Defendant's Date of Birth.: __1966__

Defendant's USM No.: __12989−424__

Defendant's Residence Address:

_____

Rock Island, IL 61201

Defendant's Mailing Address:

RockIsland, IL 61201

Date of Imposition of Judgment

_James F. Holderman_
Signature of Judicial Officer

__31 October 2000__

__JAMES F. HOLDERMAN − U.S.District Judge__
Name and Title of Judicial Officer

__31 October 2000__
Date

AO 245B (3/95)  Sheet 2 -- Imprisonment

**DEFENDANT:**    WHITE, Anthony
**CASE NUMBER:**    00 CR 362-6

Judgment – Page ___2___ of ___7___

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  _TWENTY-FOUR (24) MONTHS_

[x] The court makes the following recommendations to the Bureau of Prisons:

> Milan,Michigan

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

    [ ] at _____ a.m./p.m. on _____ .

    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before 2 p.m. on _____ .

    [ ] as notified by the United States Marshal.

    [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (3/95) Sheet 3 – Supervised Release

DEFENDANT:  WHITE,Anthony

CASE NUMBER:  00 CR 362-6

Judgment – Page ___3___ of ___7___

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __FIVE (5) YEARS__ .

IT IS FURTHER ORDERED, as a special condition of supervised release, that defendant shall participate in a drug aftercare program as directed by the Probation Office.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. up to a maximum of 104 tests per year as directed by the Probation Office.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (3/95) Sheet 5, Part A – Criminal Monetary Penalties

**DEFENDANT:** WHITE, Anthony
**CASE NUMBER:** 00 CR 362-6

Judgment – Page ___4___ of ___7___

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $50.00 | $ | $5,000.00 * |

* Defendant is jointly and severally liable with co-defendant Washington for the entire amount of restitution.

☐ If applicable, restitution amount ordered pursuant to plea agreement ......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| see page 5 | | | |
| **Totals:** | $ _____ | $ _____ | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses

AO 245D  Judgment in a Criminal Case    Criminal Monetary Penalties

DEFENDANT:  WHITE, Anthony                          Page 5 of 7
Case Number:    00 CR 362-6

# RESTITUTION

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| Citibank Federal Savings<br>300 S. Riverside Plaza<br>Suite 2310 North<br>ATTN: Mr. Larry Francis, Invetgator<br>Chicago, IL   60606 | $ 29,691.68 |
| LaSalle  Bank<br>135 S.LaSalle St.<br>Suite 3401<br>ATTN: Mr. Fred Moore, Director of Security<br>Chicago, IL    60603 | $  3,950.00 |
| Bank One<br>300 S. Riverside Plaza<br>Suite IL1-0385/RV-2<br>ATTN: Mr. Jim Power, Regional Security Manager<br>Chicago, IL   60606-6613 | $  8,777.00 |
| St. Paul Federal Bank<br>1501 Feechanville Drive<br>ATTN: Ms. Dawn Sinkus, Collection Investigator<br>Mount Prospect, IL 60056 | $ 13,035.74 |
| Cole Taylor Bank<br>350 Est Dundee Road<br>Suite 205<br>ATTN: Mr. Bruce Taylor, President<br>Wheeling, IL   60090 | $  6,539.00 |

AO 245B (3/95) Sheet 5, Part B  -  Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT:    WHITE, Anthon y | Judgment – Page __6__ of __7__ |
| CASE NUMBER:    00 CR 362-6 | |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest;  (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  ☒  In full immediately;  or

**B**  ☐  $ _____ immediately, balance due (in accordance with C, D, or E);  or

**C**  ☐  not later than _____ ;  or

**D**  ☐  in installments to commence _____ days after the date of this judgment. In the event the entire amount of  criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate;  or

**E**  ☐  in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

      Accrual of interest on the amount of restitution shall not
  begin until defendant's term of supervised relase has terminated.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (3/95)  Sheet 6  –  Statement of Reasons

DEFENDANT: WHITE, Anthony

CASE NUMBER:   00 CR 362-6

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual finding and guideline application in the presentence report except (see attachment, if necessary):

## Guideline Range Determined by the Court :

Total Offense Level: _____11_____

Criminal History Category: _____V_____

Imprisonment Range: ____24_____ to ___30_____ months

Supervised Release Range: ____3_____ to _____5_____ years

Fine Range: $ 2,000.00____ to $ 1,000,000.00

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ 55,454.42_____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

see transcript

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

AO 245C (3/95) Sheet 1 – Amended Judgment in a Criminal Case                    (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

NORTHERN ————————District of——— ILLINOIS

UNITED STATES OF AMERICA

v.

ANTHONY WHITE

**Date of Original Judgment:** 31 October 2000
*(or Date of Last Amended Judgment)*

### AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:    00 CR 362-6

DONALD JOYCE
Defendant's Attorney

## Reason for Amendment:

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

☒☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255, or ☐ 18 U.S.C § 3559(c)(7), or ☐ Modification of Restitution Order

## THE DEFENDANT:

☒☒ pleaded guilty to count(s)    seven

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank Fraud | | 7 |

The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒☒ ☒☒☒☒☒☒  ALL REMAINING COUNTS  ☒☒(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _____ -8923

Defendant's Date of Birth.: _____ 1966

Defendant's USM No.: __ 12989-424

Defendant's Residence Address:

Rock Island, IL  61201

Defendant's Mailing Address:
_____ et
Rock Island, IL  61201

12 December 2000
Date of Imposition of Judgment

*James F. Holderman*
Signature of Judicial Officer

JAMES F. HOLDERMAN - U.S. District Judge
Name and Title of Judicial Officer

12 December 2000
Date

9)

AO 245D Judgment in a Criminal Case - Criminal Monetary Penalties

DEFENDANT:      WHITE, Anthony                    Page 5 of 7
Case Number:    00 CR 362-6

# RESTITUTION

Restitution payments are to be apportioned, pro-rata, based on the total losses specified below:

| NAME OF PAYEE | TOTAL AMOUNT OF LOSS |
|---|---|
| Citibank Federal Savings<br>300 South Riverside Plaza<br>Suite 2310 North<br>ATTN: Mr. Larry Francis<br>Investigator<br>Chicago, IL 60606 | $29,691.68 |
| LaSalle Bank<br>135 South LaSalle Street<br>Suite 3401<br>ATTN: Mr. Fred Moore<br>Director of Security<br>Chicago, IL 60603 | $ 3,950.00 |
| Bank One<br>300 South Riverside Plaza<br>Suite IL1-0385/RV-2<br>ATTN: Mr. Jim Power<br>Regional Security Manager<br>Chicago, IL 60606-6613 | $ 8,777.00 |
| St. Paul Federal Bank<br>1501 Feechanville Drive<br>ATTN: Ms. Dawn Sinkus<br>Collection Investigator<br>Mount Prospect, IL 60056 | $13,035.74 |

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
            Sheet 1

# UNITED STATES DISTRICT COURT

NORTHERN                     District of                     ILLINOIS

UNITED STATES OF AMERICA          **JUDGMENT IN A CRIMINAL CASE**
            V.                    (For **Revocation** of Probation or Supervised Release)

ANTHONY WHITE    **DOCKETED**    Case Number:        00 CR 362-6
                                 USM Number:         12989-424
                 JUN 0 8 2004    JACK SCHWARTZ
                                 Defendant's Attorney
**THE DEFENDANT:**

X   admitted guilt to violation of condition(s)    1,2                    of the term of supervision.

☐   was found in violation of condition(s)                         after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Participate as Directed in Drug Treatment Program | |
| 2 | Failure to Make Restitution Payments as Directed | |

The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s)                     and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any
change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are
fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in
economic circumstances.

June 4, 2004
Date of Imposition of Judgment

*[signature]*
Signature of Judge

JAMES F. HOLDERMAN - U.S. District Judge
Name and Title of Judge

June 4, 2004
Date

124

AO 245D    (Rev. 12/03 Judgment in a Criminal Case for Revocations
           Sheet 2— Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:         WHITE, Anthony
CASE NUMBER:       00 CR 362-6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :
TWELVE (12) MONTHS

☐  The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.  on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

DEFENDANT:        WHITE, Anthony
CASE NUMBER:      00 CR 362-6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS.
    IT IS FURTHER ORDERED, as a special condition of supervised release that defendant shall pay one half of any income tax refund towards restitution; and defendant shall participate in a drug aftercare program as directed by the Probation Office.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
    future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works,
    or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (3/95) Sheet 5, Part A – Criminal Monetary Penalties

DEFENDANT:    WHITE, Anthony
CASE NUMBER:    00 CR 362-6

Judgment – Page __4__ of _6_____

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $50.00 | $ | $5,000.00 * |

\* Defendant is jointly and severally liable with co-defendant Washington for the entire amount of restitution.

☐ If applicable, restitution amount ordered pursuant to plea agreement ......... $_____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| see page 5 | | | |
| **Totals:** | $_____ | $_____ | |

<u>AO 245D Judgment in a Criminal Case    Criminal Monetary Penalties</u>

DEFENDANT:  WHITE, Anthony                              Page 5 of  6
Case Number:    00 CR 362-6

# RESTITUTION

<u>NAME OF PAYEE</u>          <u>AMOUNT OF RESTITUTION ORDERED</u>

Citibank Federal Savings              $ 29,691.68
300 S. Riverside Plaza
Suite 2310 North
ATTN: Mr. Larry Francis, Invetgator
Chicago, IL   60606

LaSalle  Bank                         $  3,950.00
135 S.LaSalle St.
Suite 3401
ATTN: Mr. Fred Moore, Director of Security
Chicago, IL   60603

Bank One                              $  8,777.00
300 S. Riverside Plaza
Suite IL1-0385/RV-2
ATTN: Mr. Jim Power, Regional Security Manager
Chicago, IL   60606-6613

St. Paul Federal Bank                 $ 13,035.74
1501 Feechanville Drive
ATTN: Ms. Dawn Sinkus, Collection Investigator
Mount Prospect, IL 60056

Cole Taylor Bank                      $  6,539.00
350 Est Dundee Road
Suite 205
ATTN: Mr. Bruce Taylor, President
Wheeling, IL   60090

AO 245B (3/95)  Sheet 5, Part B  –  Criminal Monetary Penalties

Judgment – Page __6__ of __6__

DEFENDANT:    WHITE, Anthon y
CASE NUMBER:    00 CR 362-6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest;  (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  ☒  In full immediately;  or

**B**  ☐  $ _____ immediately, balance due (in accordance with C, D, or E);  or

**C**  ☐  not later than _____ ;  or

**D**  ☐  in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate;  or

**E**  ☐  in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

    Accrual of interest on the amount of restitution shall not
begin until defendant's term of supervised relase has terminated.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.