E-FILED
Monday, 18 June, 2007 01:09:06 PM
Clerk, U.S. District Court, ILCD

CD/IL (Rev 01/01/01)

# United States District Court

## for

## CENTRAL DISTRICT OF ILLINOIS

### VIOLATION REPORT

**OFFENDER:** Anthony White
842 24th Street
Rock Island, IL 61201

**CASE NUMBER:**   04-40051-01

**SENTENCING JUDICIAL OFFICER:**   HONORABLE JAMES F. HOLDERMAN
U.S. District Judge
Northern District of IL

**ORIGINAL SENTENCE DATE:**   10/31/00

**ORIGINAL OFFENSE:**   Bank Fraud

**ORIGINAL SENTENCE:**   24 months custody, 5 years supervised release, $5,000 restitution with special conditions of substance abuse testing and treatment.

**TYPE OF SUPERVISION:**   Supervised Release

**DATE SUPERVISION COMMENCED:**   01/02/02

09/30/03: Sentence modified to include special condition of 120 days community confinement as a result of offender's illegal drug use.

06/04/04: Supervised release revoked as result of offender's failure to pay restitution and failure to participate in substance abuse treatment. Sentenced to 12 months custody followed by 3 years supervised release with special conditions of 1) Pay one-half of any income tax refund towards restitution; and, 2) Substance abuse testing and treatment as directed. Restitution re-imposed as previously ordered.

07/04/04: Jurisdiction trans-ferred from Northern District of Illinois to Central District of Illinois.

Re: WHITE, Anthony

**DATE SUPERVISION RECOMMENCED:**    06/02/05

02/03/06: Sentence modified to include special condition of 120 days community confinement and mental health treatment as a result of offender's illegal drug use.

**DATE PETITION FOR**
**WARRANT FILED:**    06/29/06

**CUSTODY STATUS:**    06/29/06: Arrested; ordered detained.

08/25/06: Released on $10,000 personal recognizance bond.

08/27/06: Returned to custody.

**ASSISTANT U.S. ATTORNEY:**    Matt Cannon

**DEFENSE ATTORNEY:**    George F. Taseff/Appointed

**DATE REPORT PREPARED:**    08/29/06

**MANDATORY REVOCATION:**    No



2

Re: WHITE, Anthony

## PART A.  NATURE OF NON-COMPLIANCE

1.  **Violations:**   On June 29, 2006, a Petition for Warrant or Summons for Offender Under Supervision was filed alleging that in April and May 2006, the offender failed to comply with the rules and regulations of a community confinement facility.  In addition, the petition alleges that on May 12 and 13, 2006, the offender failed to provide a urine sample for drug testing purposes as directed.  A warrant was issued.   On June 29, 2006, this warrant was executed.   On June 29, 2006, the offender made an initial appearance before U.S. Magistrate Judge Thomas J. Shields and was ordered detained pending a revocation hearing.  The revocation hearing is presently set for September 8, 2006, before U.S. District Judge Joe Billy McDade.

2.  On August 24, 2006, pursuant to an emergency motion by the offender, the Court ordered the offender released on a $10,000 unsecured bond.  The Court ordered the offender to be placed into the third party custodianship of his wife, Margaret White.  The offender was ordered released from custody on two separate occasions; from August 25 to August 27, 2006, and from September 1 to September 3, 2006.   The offender was instructed to return to custody on August 28 and September 3, 2006, and then remain in custody until the revocation hearing set for September 8, 2006.

## PART B.  SENTENCING OPTIONS

3.  **Statutory Provisions:**   The offender is subject to a maximum term of imprisonment of three years upon revocation of supervised release.  18 U.S.C. § 3583(e)(3).   The original offense is a Class B felony.  18 U.S.C. § 1344.  In accordance with the U.S. Supreme Court decision in U.S. v. Johnson, 120 S. Ct. 1795 (2000), all terms of incarceration must be aggregated.  **Therefore, in this case, the offender is subject to a maximum term of imprisonment of 24 months (36 months minus 12 months ordered on June 4, 2004).**

4.  **The authorized term of supervised release for a Class B felony is not more than 5 years.**  18 U.S.C. § 3583(b)(1).

3

Re: WHITE, Anthony

5.  When a term of supervised release is revoked and the offender
    is required to serve a term of imprisonment that is less than
    the maximum term of imprisonment authorized under 18 U.S.C. §
    3583(e)(3), the Court may include a requirement that the
    offender be placed on a term of supervised release after
    imprisonment. The length of such a term of supervised release
    shall not exceed the term of supervised release authorized by
    statute for the offense that resulted in the original term of
    supervised release, less any term of imprisonment that was
    imposed upon revocation of supervised release.    18 U.S.C. §
    3583(h) and U.S.S.G. § 7B1.3(g)(2). **In this case, the maximum
    term of supervised release is five years minus 12 months
    custody ordered on June 4, 2004, less the term of imprisonment
    imposed upon this second revocation.**

6.  **Violation Computations-Policy Statements**: The U.S. Sentencing
    Commission has promulgated policy statements for the
    revocation of supervised release. The grade of the violation,
    together with the offender's criminal history category
    calculated at the time of the initial sentencing, fixes the
    applicable sentencing range. The offender's criminal history
    category at the original sentencing was Category V. U.S.S.G.
    § 7B1.4, comment.(n.1).

7.  The U.S. Court of Appeals for the Seventh Circuit ruled in
    U.S. v. Reginald Doss, 79 F.3d 76, (7th Cir. 1996) that
    Chapter 7, Part B, of the sentencing guidelines contains
    policy statements which are not binding on the Court.
    Accordingly, the Court may impose a sentence above, within, or
    below the policy statement range.

8.  **Grade of Violation:** Where there is more than one violation of
    the conditions of supervision, or the violation includes
    conduct that constitutes more than one offense, the grade of
    the violation is determined by the violation having the more
    serious grade. U.S.S.G. § 7B1.1(b). In this case, all of the
    violations are Grade C violations.

9.  The offender's violation conduct is calculated as a Grade C
    violation. A Grade C violation involves conduct which is a
    violation of any other condition of supervision. U.S.S.G. §
    7B1.1(a)(3)(B).

4

Re: WHITE, Anthony

10.   Upon a finding of a Grade C violation, the Court may revoke
      supervised release; extend the term of supervised release,
      and/or modify the conditions of supervision.    U.S.S.G.  §
      7B1.3(a)(2).

11.   **A Grade C violation and a criminal history category of V
      results in a policy statement custody range of 7 to 13 months
      custody.**   U.S.S.G.  § 7B1.4(a)(Grade C).

12.   In the case of a Grade C violation, where the minimum term of
      imprisonment determined under U.S.S.G.  §  7B1.4 (Term of
      Imprisonment) is more than six months, but not more than ten
      months, the term may be satisfied by a sentence of
      imprisonment or a sentence of imprisonment that includes a
      term of supervised release with a condition that substitutes
      community confinement or home detention according to the
      schedule in U.S.S.G. § 5C1.1(e), provided that at least one-
      half of the minimum term is satisfied by imprisonment.
      U.S.S.G. § 7B1.3(c)(2).

13.   Any community confinement, home detention, or intermittent
      confinement previously imposed in connection with the sentence
      for which revocation is ordered that remains unserved at the
      time of revocation shall be ordered to be served in addition
      to the sanction determined under U.S.S.G. § 7B1.4 (Term of
      Imprisonment), and any such unserved period of community
      confinement, home detention, or intermittent confinement may
      be converted to an equivalent period of imprisonment.
      U.S.S.G. § 7B1.3(d).   In this case, offender White was in
      community confinement at the time of the alleged violation and
      had served 113 days in community confinement.   The offender
      had 7 days remaining to serve.

14.   In the case of a revocation based, at least in part, on a
      violation of a condition specifically pertaining to community
      confinement, intermittent confinement, or home detention, use
      of the same or a less restrictive sanction is not recommended.
      U.S.S.G. § 7B1.3(c)(3).

15.   Upon revocation of supervised release, no credit shall be
      given (toward any term of imprisonment ordered) for the time
      previously served on post-release supervision.    U.S.S.G.  §
      7B1.5(b).

Re: WHITE, Anthony

16. **Criminal Monetary Penalties:** Offender White was ordered to pay restitution to several banking institutions (joint and several with codefendant Gerard Washington) in the amount of $5,000. The defendant has paid a total of $1,815 restitution. To date, there is a balance owing of $3,185.

## PART C. PERSONAL HISTORY AND SUPERVISION ADJUSTMENT

17. On May 2, 2005, while still in the custody of the U.S. Bureau of Prisons, offender White was transferred to the community corrections facility at the Davenport Work Release Center (DWRC), Davenport, Iowa. In May 2005, while at the DWRC, offender White secured employment with Brandt Construction, Milan, Illinois, earning $20 per hour as a construction laborer.

18. On June 2, 2005, offender White was released from custody to begin his three-year term of supervised release. The offender was released to 842 24th Street, Rock Island, Illinois, to reside with his wife, Margaret White. Also residing at the residence were their two 9-year old twins and Margaret White's two older children from a previous relationship.

19. Upon his release, offender White continued his employment with Brandt Construction, Milan, Illinois, earning $15 to $20 per hour as a construction laborer.

20. On July 14, 2005, offender White completed a substance abuse evaluation at the Robert Young Center, Rock Island, Illinois. The offender was diagnosed with Opiate Dependence in Sustained Full Remission. No formal counseling recommendations were made at this time; however, the offender was recommended to attend support group meetings. The probation officer instructed the offender to attend at least one support group meeting per week and continued the offender on random drug testing procedures.

21. On August 2, 3, 4, and 6, 2005, offender White failed to report to Robert Young Center, Rock Island, Illinois, to provide urine samples for drug testing purposes. On August 8, 2006, the probation officer instructed the offender to report to the Robert Young Center to provide a urine sample. On August 8, 2005, the offender did report as directed; however, he did not have photo identification with him; therefore,

6

Re: WHITE, Anthony

Robert Young Center did not allow the offender to submit a urine sample. The offender reported later this day and submitted a urine sample as directed.

22.  On September 18, 2005, offender White failed to report to Robert Young Center, Rock Island, Illinois, to provide a urine sample for drug testing purposes.  The probation officer called the offender's home on this date; however, the phone had been disconnected.  The probation officer left a voice mail on the offender's wife's cell phone to have to offender contact the probation officer as soon as possible.  The offender did not call the probation officer as directed.  On October 7, 2005, the probation officer instructed the offender via letter to report in person to the probation office on October 13, 2005, at 3 p.m. in Peoria, Illinois.

23.  On October 10, 2005, offender White failed to report to Robert Young Center, Rock Island, Illinois, to provide a urine sample for drug testing purposes.

24.  On October 13, 2005, offender White failed to report to the probation office.

25.  On October 14, 2005, the probation officer again instructed the offender via letter to report in person to the probation office on October 25, 2005, at 3 p.m. in Peoria, Illinois.  On October 25, 2005, the offender's wife, Margaret White, called the probation officer and advised that the offender told her that he left work early this date to report in person to the probation office as directed.  The offender failed to report on this date.

26.  On November 8, 2005, the probation officer met with the offender and his wife at their residence and admonished the offender for failing to provide urine samples and for failing to report to the probation office as directed.  The offender's wife and mother-in-law advised that the offender had unresolved issues regarding his abusive childhood.  After a long discussion with the offender, his wife, and his mother-in-law, the probation officer learned that the offender was interested in receiving some mental health counseling.  The offender agreed to attend mental health counseling as directed.  The offender was scheduled for a mental health evaluation on November 17, 2005, at the Robert Young Center,

7

Re: WHITE, Anthony

Rock Island, Illinois. The offender executed a waiver to modify the conditions of his supervised release to include a mental health counseling condition. The offender further agreed to start making regular restitution payments, as he was now earning $22 per hour at Brandt Construction.

27. On November 10, 2005, the offender tested positive for illegal morphine use.

28. On November 17, 2005, the offender completed an evaluation at Robert Young Center, Rock Island, Illinois, and was diagnosed with Adjustment Disorder (not otherwise specified) and Opiod Dependence in Full Remission. Outpatient counseling was recommended. The probation officer instructed the offender to comply with the counseling recommendations.

29. On December 13, 2005, the probation officer met with the offender at his residence and the offender advised that he was laid off from his employment at Brandt Construction a week prior. The probation officer instructed the offender to report in person to the probation office on December 14, 2005.

30. On December 14, 2005, the probation officer confronted the offender on his morphine use and the offender admitted to stealing one Vicodin pill from a friend and ingesting this pill on or about November 10, 2005. The probation officer admonished the offender for this conduct. The offender admitted to the probation officer that he had a substance abuse problem and was referred to the Robert Young Center, Rock Island, Illinois, for further evaluation of his substance abuse and mental health issues. As a sanction for his drug use, as well as previous noncompliance, the offender executed a waiver to modify the conditions of his supervised release to include a 120-day community confinement sanction. Also on December 14, 2005, the probation officer reviewed the offender's current financial status with the offender and determined that the offender had no income coming into the household as he was just laid off from his employment and his wife remained unemployed.

31. On December 17, 2005, offender White failed to report to Robert Young Center, Rock Island, Illinois, to provide a urine sample for drug testing purposes. The offender did report on December 18, 2005, and provided a urine sample. On

8

Re: WHITE, Anthony

December 19, 2005, the probation officer admonished the offender for this conduct.

32.  On January 24, 2006, offender White advised that he was performing odd jobs for cash and that he was continuing with his mental health counseling at Robert Young Center, Rock Island, Illinois.

33.  On February 3, 2006, the Court modified the offender's supervised release conditions to include special conditions of 120 days community confinement and mental health counseling. The Court specifically recommended the Davenport Work Release Center (DWRC), Davenport, Iowa, as placement for the 120-day sanction.

34.  On March 2, 2006, counselor Gina Reyes, Robert Young Center, Rock Island, Illinois, advised the probation officer that the offender was doing fine during his counseling sessions.

35.  On March 9, 2006, offender White surrendered to the DWRC to begin his 120-day community confinement sanction.

36.  On April 19, 2006, offender White resumed his employment at Brandt Construction, Milan, Illinois, earning $20 per hour as a construction laborer.   He continued this full-time employment until he was laid off on May 29, 2006.  From May 30 through Jun 16, 2006, the offender continued to leave and return to the DWRC as though he was continuing his employment with Brandt Construction.   The offender did not notify any DWRC staff member nor did the offender notify the probation office of his termination from Brandt Construction.  According to records from the DWRC, the offender was unaccountable for at least 216 hours during this time period.

37.  On May 12, 2006, offender White failed to report to the Robert Young Center, Rock Island, Illinois, to provide a urine sample.   On May 13, 2006, the offender did report to provide a urine sample; however, he failed to provide a sample as directed by Robert Young Center staff.

38.  On June 28, 2006, offender White admitted to the probation officer via telephone conversation that he failed to notify the community confinement center where he was going during this time period. Offender White further advised that he

9

Re: WHITE, Anthony

should have notified the probation officer and the DWRC staff of his termination from Brandt Construction. The offender stated that during this time period he was performing odd construction jobs for cash.

39. On June 29, 2006, a Petition for Warrant or Summons for Offender Under Supervision was filed alleging the offender had violated the rules and regulations of the DWRC and had failed to provide urine samples as stated above. A warrant was issued and the offender was arrested on June 29, 2006. On this date, the offender was ordered detained pending his revocation hearing.

40. On August 24, 2006, pursuant to an emergency motion by the offender citing that his mother's medical condition had gotten worse, the Court ordered the offender released on a $10,000 unsecured bond. The Court further ordered the offender to be placed into the third party custodianship of his wife, Margaret White. In addition, the Court ordered the offender to be released from custody on two separate occasions; from August 25 to August 27, 2006, and from September 1 to September 3, 2006. The offender was instructed to return to custody on August 28 and September 3, 2006, and then remain in custody until the revocation hearing set for September 8, 2006.

Respectfully submitted,

DARRELL D. HITE
U.S. Probation Officer

Reviewed and Approved:

DOUGLAS L. HEUERMANN
Deputy Chief U.S. Probation Officer

DDH/js

10

## SENTENCING RECOMMENDATION

### United States District Court for the Central District of Illinois
### United States v. ANTHONY WHITE, Docket No. 04-40051-001

| | | |
|---|---|---|
| **GRADE OF VIOLATION:** | | C |
| **CRIMINAL HISTORY CATEGORY:** | | V |
| **ORIGINAL APPLICABLE GUIDELINE RANGE:** | | 24 to 30 months |

| | Statutory Provisions | Policy Statement Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 24 months (36 months minus 12 months previously imposed) | 7 to 13 months, plus 7 days of unserved community confinement* | 11 months, plus 7 days of unserved community confinement* |
| **SUPERVISED RELEASE:** | 5 years (minus 12 months and any term of imprisonment imposed upon revocation of supervised release) | 5 years (minus 12 months and any term of imprisonment imposed upon revocation of supervised release) | None recommended |
| **RESTITUTION:** | $5,000 | $5,000 | $5,000 |

*Any community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unserved at the time of revocation shall be ordered to be served in addition to the sanction determined under U.S.S.G. § 7B1.4 (Term of Imprisonment), and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. U.S.S.G. § 7B1.3(d). In this case, offender White was in community confinement at the time of the alleged violation and had served 113 days in community confinement. The offender had 7 days remaining to serve.

### Justification:

Offender White has had numerous chances to change his lifestyle to become a productive citizen. At the offender's original sentence, the Court sentenced the offender to the minimum guideline range.

Re: WHITE, Anthony

On September 30, 2003, the Court did not revoke the offender's supervised as a result of his illegal drug use but rather modified the conditions of supervised release to include a special condition of 120 days community confinement.  On June 4, 2004, the Court revoked the offender's supervised release as a result of offender's failure to pay restitution and failure to participate in substance abuse treatment.  The offender was sentenced to 12 months custody followed by three years supervised release.  The offender completed this custody sentence and began this term of supervision on June 2, 2005.  On February 3, 2006, the Court again did not revoke the offender's supervised release as a result of his illegal drug use but rather modified the conditions of supervised release to include special conditions of 120 days community confinement and mental health treatment.

In the instant offense, the Court is again faced with non-compliance conduct from this offender and this conduct does not appear to be related to any mental health or substance abuse issue. The offender's conduct appears to be a blatant disregard for the rules and regulations of a community confinement sanction.    I believe the Court's hands are tied in this case and that the Court must sentence this offender to a term of custody.  The Court must send this offender and the community a message that Court orders must be adhered to.  I do not recommend that an additional term of supervised release be imposed as the offender has already had two opportunities at supervision and has failed to successfully complete either of these supervision terms.  I further recommend that restitution be re-imposed as previously ordered.

**Recommendation**

It is respectfully recommended that the sentence be imposed as follows:

    Supervised Release is revoked.  It is the judgment of this Court that the defendant, Anthony White, be committed to the custody of the U.S. Bureau of Prisons for a period of 11 months plus 7 days unserved community confinement.

    Pursuant to the Justice for All Act of 2004, the offender shall cooperate in the collection of DNA as directed by the Bureau of Prisons.

2

Re: WHITE, Anthony

The Court imposes restitution of $5,000 as previously ordered. Based on the defendant's financial profile, it appears that he does not have the ability to pay restitution in a lump-sum payment amount. During incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR, or a minimum of 50 percent of monthly earnings if working in UNICOR. Upon release from confinement, the defendant shall make monthly payments of at least 50 percent of his disposable income per month during the entire term of supervised release.

It is recommended that the defendant serve his sentence in a minimum security facility as close to his family in Rock Island, Illinois, as possible.

## Voluntary Surrender

The offender has been detained since his arrest on June 29, 2006, except from August 25 to August 27, 2006, and from September 1 to September 3, 2006, when he was allowed to visit his ailing mother in the hospital. Voluntary surrender is not recommended.

Respectfully submitted,

DARRELL D. HITE
U.S. Probation Officer

REVIEWED AND APPROVED:

DOUGLAS L. HEUERMANN
Deputy Chief U.S. Probation Officer
Date:   08/29/06

DDH/js

3